IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARDY RINGO, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No.:  1:16-cv-02093 |
| | ) | |
| v. | ) | Honorable Colin Sterling Bruce |
| | ) | |
| KENCO LOGISTICS SERVICES, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANT MARS, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT**

Defendant Mars, Incorporated, ("Defendant" or "Mars") by and through its undersigned attorneys, answers Plaintiff Mardy Ringo's Complaint of Employment Discrimination as follows:

1.      Admitted.  Mars admits that Plaintiff is seeking a jury trial.

**I. PARTIES**

2.      Admitted in part, denied in part.  Admitted that the Plaintiff in this lawsuit is Mardy Ringo.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the remaining allegations set forth in Paragraph 2, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

3.      Admitted in part, denied in part.  Admitted that Plaintiff has brought suit against Defendants, Kenco Logistics, Mars, Inc., David Jabaley and Mario Lopez.  Admitted upon information and belief that Defendant Kenco's street address is 2001 Riverside Dr., Chattanooga, TN 37406.  Denied that 2001 Riverside Dr., Chattanooga, TN 37406 is the address of Defendant, Mars, Inc.  Strict proof at the time of trial, to the extent admissible, is demanded.  Denied that the

telephone number of Defendant Mars, Inc. is as stated.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the remaining allegations set forth in Paragraph 3, therefore said allegations are denied.

4.      Admitted in part, denied in part.  Admitted that there is a facility in Manteno at the address 1125 W. Sycamore Rd., Manteno IL 60950.  Denied that Mars owns or operates the facility.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, such space is leased by Mars and during the relevant time was operated by Defendant, Kenco.  Denied as a conclusion of law to which no response is required that any discrimination occurred.  To the extent that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

5.      Denied.  Denied that Plaintiff was employed by Defendant, Mars.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Plaintiff was employed by Defendant, Kenco.

6.      Denied.  The allegations contained in Paragraph 6 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

## II. JURISDICTION

7.      Admitted in part, denied in part.  Admitted that Plaintiff alleges discrimination based on the laws identified in Paragraph 7 of the Complaint.  Denied as a conclusion of law, to which no response is required, that such discrimination, conspiracy, intentional and willful interference, aiding and abetting, retaliation, or hostile work and animus work environment occurred or existed.  To the extent that a response is required, said allegations are denied.  Strict proof at the

time of trial, to the extent admissible, is demanded.

8.       Admitted in part, denied in part.  Admitted that Plaintiff filed charge(s) with the EEOC

against Defendant Kenco.  After reasonable investigation, Defendant denies having knowledge

sufficient to answer whether the charges filed by Plaintiff are related to this claim of employment

discrimination, therefore said allegations are denied.  Strict proof at the time of trial, to the extent

admissible, is demanded.  Denied that Plaintiff has filed a charge before the EEOC relating to his

claims against Mars. Strict proof at the time of trial, to the extent admissible, is demanded.

9.       Admitted in part, denied in part.  Admitted that Plaintiff filed charge(s) with the IDHR

(cross filed with the EEOC) against Defendant Kenco.  After reasonable investigation, Defendant

denies having knowledge sufficient to answer whether the charges filed by Plaintiff are related to

this claim of employment discrimination, therefore said allegations are denied.  Strict proof at the

time of trial, to the extent admissible, is demanded.  Denied that Plaintiff has filed a charge

before the IDHR relating to his claims against Mars. Strict proof at the time of trial, to the extent

admissible, is demanded.

10.      Admitted in part, denied in part.  Admitted that Plaintiff has received a Right to Sue

notice related to his charges against Defendant, Kenco.  After reasonable investigation,

Defendant denies having knowledge sufficient to answer when the notices were received by

Plaintiff, therefore said allegations are denied.  Strict proof at the time of trial, to the extent

admissible, is demanded.  Denied that Plaintiff received a Right to Sue notice with respect to any

claims against Mars, therefore said allegations are denied.  Strict proof at the time of trial, to the

extent admissible, is demanded.

### III. FACTS IN SUPPORT OF CLAIM

11.      Denied.  Defendant is unclear what the Plaintiff is asserting in Paragraph 11 of the

Complaint, therefore said allegations are denied. To the extent that Plaintiff is alleging

discrimination due to any of the actions listed, Mars asserts that such allegations constitute

conclusions of law to which no response is required.  To the extent that a response is required,

said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.

12.    Denied.  Defendant is unclear what the Plaintiff is asserting in Paragraph 12 of the

Complaint, therefore said allegations are denied. To the extent that Plaintiff is alleging that Mars

has engaged in any illegal actions or has violated Plaintiff's rights, said allegations are denied.

Strict proof at the time of trial, to the extent admissible, is demanded.

13.    Denied.  Defendant is unclear what Plaintiff is seeking in Paragraph 13 of the Complaint,

therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.  By way of further response, Mars denies that Plaintiff is entitled to any form of

relief.

## I.
## NATURE OF THE ACTION

1.    Denied.  The allegations set forth in Paragraph 1 constitute conclusions of law to which

no response is required.  To the extent that a response is required, said allegations are denied.

Strict proof at the time of trial, to the extent admissible, is demanded.

## II.
## JURISDICTION

1.    Admitted.

2.    Admitted in part, denied in part.  The allegation that Plaintiff suffered the unlawful

deprivation of his rights is a conclusion of law to which no response is required.  To the extent

that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations in this paragraph are admitted.

### III.
### VENUE

3.      Admitted in part, denied in part.  The allegation that wrongful conduct occurred is denied as a conclusion of law to which no response is required.  To the extent that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations in this paragraph are admitted.

### IV.
### THE PARTIES

#### PLAINTIFF

4.      Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations set forth in Paragraph 4, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

5.      Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations set forth in Paragraph 5, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

#### DEFENDANT

6.      Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations set forth in Paragraph 6, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

## V.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Denied. Denied that Plaintiff has complied with the administrative prerequisites of §506 of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5 with respect to his claims against Mars. Strict proof at the time of trial, to the extent admissible, is demanded.

7. Admitted. By way of further response, Mars was not named in the referenced charges and had no knowledge of such charges.

8. Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations set forth in Paragraph 8, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

9. Admitted in part, denied in part. Denied that Ringo has exhausted all available administrative remedies with respect to the claims against Mars under the Civil Rights Act of 1964. Strict proof at the time of trial, to the extent admissible, is demanded. Admitted that no administrative prerequisites are required before a plaintiff files a complaint pursuant to the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations set forth in Paragraph 9, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

## VI.
## FACTUAL ALLEGATIONS

10. Denied. Denied that Mars owned the Manteno facility or operated the Manteno facility. Strict proof at the time of trial, to the extent admissible, is demanded. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining

allegations in Paragraph 10, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

11.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 11, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

12.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 12, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

13.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 13, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

14.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 14, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

15.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 15, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

        a.        Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 15(a), therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

16.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 16, therefore said allegations are denied. Strict

proof at the time of trial, to the extent admissible, is demanded.

17.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 17, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

18.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 18, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

19.     Admitted in part, denied in part.  Admitted that at all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of RINGO's employment were governed and controlled by Defendant Kenco.  Denied that all matters regarding compensation, terms, conditions, rights and privileges of RINGO's employment were under the direction, specific or otherwise, and management of Mars.  Strict proof at the time of trial, to the extent admissible, is demanded.

20.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 20, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

21.     Denied.  The allegations set forth in Paragraph 21 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

22.     Admitted in part, denied in part.  Admitted that Mars has admitted before the court that it is a privately held company.  Denied that Mars has specifically admitted before the court that it is separate from Kenco Logistics with no real or tangible interest in it, though such a statement is accurate. After reasonable investigation, Mars denies having knowledge or information sufficient

8

to answer the allegations in Paragraph 22, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

23.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 23, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

24.    Admitted in part, denied in part.  Admitted that David Jabaley held the position of Director of Operations for Kenco, Plaintiff's employer.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 24, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

25.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 25, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

26.    Admitted in part, denied in part.  Admitted that for a period of time Mario Lopez held the position of General Manager for Kenco, Plaintiff's employer.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 26, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

27.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 27, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

28.    Admitted in part, denied in part.  Admitted that for a period of time, Mike Manzello, held the position of Operations Manager for Plaintiff's employer, Kenco.  After reasonable

investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 28, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

29.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 29, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

30.    Admitted in part, denied in part.  Admitted that Jabaley worked for Kenco.  Denied that Mars owned or operated the Manteno facility.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, during the relevant period the Manteno facility was operated by Kenco.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 30, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

31.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 31, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

32.    Admitted in part, denied in part.  Admitted that Jabaley worked for Kenco.  Denied that Mars owned or operated the Manteno facility.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, during the relevant period the Manteno facility was operated by Kenco.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 32, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

33.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 33, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

34.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 34, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not involved in the posting of positions or the hiring of individuals to fill roles at the Manteno facility.

35.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 35, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not responsible for hiring or setting the wages or schedules of workers at the Manteno facility.

36.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 36, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not responsible for hiring or setting the wages of workers at the Manteno facility.

37.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 37, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not responsible for setting the schedules of workers at the Manteno facility.

38.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 38, therefore said allegations are denied.  Strict

proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not responsible for setting the schedules of workers at the Manteno facility.

39.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 39, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not responsible for hiring or setting the wages of workers at the Manteno facility.

40.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 40, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

41.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 41, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not responsible for the scheduling of workers at the Manteno facility.

42.    Denied.  The allegations set forth in Paragraph 42 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

43.    Denied.  The allegations set forth in Paragraph 43 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

44.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 44, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

45.    Denied.  The allegations set forth in Paragraph 45 constitute conclusions of law to which

no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

46.     Denied.  Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations set forth in Paragraph 46 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

47.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 47, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

48.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 48, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

49.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 49, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

50.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 50, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

51.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 51, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

52.     Denied.  After reasonable investigation, Mars denies having knowledge or information

sufficient to answer the allegations in Paragraph 52, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

53.    Denied. The allegations set forth in Paragraph 53 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

54.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 54, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

55.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 55, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

56.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 56, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

57.    Denied. Denied that KENCO was a Mars, Inc. manager. Strict proof at the time of trial, to the extent admissible, is demanded. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 57, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

58.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 58, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

59.    Denied. After reasonable investigation, Mars denies having knowledge or information

sufficient to answer the allegations in Paragraph 59, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

60.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 60, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

61.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 61, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

62.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 62, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

63.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 63, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

64.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 64, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

65.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 65, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

66.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 66, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

67.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 67, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

68.     Denied.  The allegations concerning discrimination constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 68, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

69.     Denied.  The allegations concerning hostile work environment constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  Denied that Mars, Inc. owned or operated the Manteno facility.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 69, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

70.     Denied.  The allegations set forth in Paragraph 70 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

71.     Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 71, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

72.     Denied.  Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial,

to the extent admissible, is demanded.  After reasonable investigation, Mars denies having

knowledge or information sufficient to answer the remaining allegations in Paragraph 72,

therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.

73.     Denied.  Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial,

to the extent admissible, is demanded.  The remaining allegations in Paragraph 73 constitute

conclusions of law to which no response is required.  To the extent that a response is required,

said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.

74.     Denied.  Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial,

to the extent admissible, is demanded.  After reasonable investigation, Mars denies having

knowledge or information sufficient to answer the remaining allegations in Paragraph 74,

therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.

75.     Denied.  Denied that Mars owned or operated the Manteno facility.  Strict proof at the

time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies

having knowledge or information sufficient to answer the remaining allegations in Paragraph 75,

therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.

76.     Denied.  After reasonable investigation, Mars denies having knowledge or information

sufficient to answer the allegations in Paragraph 76, therefore said allegations are denied.  Strict

proof at the time of trial, to the extent admissible, is demanded.

77.     Denied.  Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial,

2:16-cv-02093-CSB-EIL     # 16     Filed: 11/22/16     Page 18 of 30

to the extent admissible, is demanded.  After reasonable investigation, Mars denies having

knowledge or information sufficient to answer the remaining allegations in Paragraph 77,

therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.  By way of further response, Mars was not involved in setting the schedules of Kenco

employees, including RINGO.

78.     Denied.  Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial,

to the extent admissible, is demanded.  The remaining allegations in Paragraph 78 constitute

conclusions of law to which no response is required.  To the extent that a response is required,

said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is

demanded.

79.     Denied.  The allegations set forth in Paragraph 79 constitute conclusions of law to which

no response is required.  To the extent that a response is required, said allegations are denied.

Strict proof at the time of trial, to the extent admissible, is demanded.

80.     Denied.  The allegations set forth in Paragraph 80 constitute conclusions of law to which

no response is required.  To the extent that a response is required, said allegations are denied.

Strict proof at the time of trial, to the extent admissible, is demanded.

81.     Denied.  After reasonable investigation, Mars denies having knowledge or information

sufficient to answer the allegations in Paragraph 81, therefore said allegations are denied.  Strict

proof at the time of trial, to the extent admissible, is demanded.

82.     Denied.  Denied that KENCO was a Mars, Inc. manager.  After reasonable investigation,

Mars denies having knowledge or information sufficient to answer the remaining allegations in

Paragraph 82, therefore said allegations are denied.  Strict proof at the time of trial, to the extent

admissible, is demanded.

83.     Denied.  Denied that KENCO was a Mars, Inc. manager.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 83, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

84.     Denied.  Denied that KENCO was a Mars, Inc. manager.  The allegations regarding discriminatory, unequal terms and conditions of employment constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 84, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

85.     Denied.  Denied that KENCO was a Mars, Inc. manager.  The allegations regarding discriminatory, unequal terms and conditions of employment constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 85, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

86.     Denied.  Denied that KENCO was a Mars, Inc. manager.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 86, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

87.     Denied.  Denied that KENCO was a Mars, Inc. manager.  After reasonable investigation,

Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 87, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded. By way of further response, Mars was not involved in setting the pay or assignments of Kenco's employees.

88.    Denied. Denied that KENCO was a Mars, Inc. Manager. The remaining allegations set forth in Paragraph 88 constitute conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

89.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 89, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

90.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 90, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

91.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 91, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

92.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 92, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

93.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 93, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

94.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 94, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not involved in making hiring decisions or determining training, wages, schedules, disciplinary action, need for drug or diabetic testing, return to work form testing, or decisions regarding advancement.

      a.    Denied.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 94(a), therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not involved in hiring decisions at the Manteno facility.

      b.    Denied.  Denied that KENCO was a Mars, Inc. manager.  Denied that Mars, Inc. owned or operated the Manteno facility.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 94(b), therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not involved in training or accommodation decisions at the Manteno facility.

95.    Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 95, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

96.    Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 96, therefore said allegations are denied.  Strict

proof at the time of trial, to the extent admissible, is demanded. By way of further response, Mars was not involved in making hiring decisions or determining training, wages, schedules, disciplinary action, need for drug or diabetic testing, return to work form testing, or decisions regarding advancement.

97.     Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 97, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

98.     Denied. Denied that KENCO is a Mars, Inc. manager. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 98, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

99.     Denied. Denied that KENCO is a Mars, Inc. manager. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 99, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

100.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 100, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

101.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 101, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

102.    Denied. After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 102, therefore said allegations are denied. Strict

proof at the time of trial, to the extent admissible, is demanded.

103.    Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 103, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

104.    Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 104, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

105.    Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 105, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars was not involved in the testing of Kenco workers at the Manteno facility.

106.    Denied.  The allegations set forth in Paragraph 106 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

107.    Denied.  Denied that Mars, Inc. mandated overtime.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, Mars, Inc. was not involved in the setting of schedules for Kenco workers at the Manteno facility.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 107, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

108.    Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 108, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response,

Mars was not involved in the scheduling of Kenco workers at the Manteno facility.

109.    Denied.  Denied that KENCO was a Mars, Inc. manager.  The remaining allegations set forth in Paragraph 109 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

110.    Denied.  Denied that Mars, Inc. had knowledge of Kenco being served with twenty-five (25) charges from the Illinois Department of Human Rights or of RINGO filing a complaint with the Illinois Department of Human Rights.  Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations set forth in Paragraph 110 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

111.    Denied.  Denied that KENCO was a Mars, Inc. manager.  The remaining allegations set forth in Paragraph 111 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

112.    Denied.  Denied that KENCO was a Mars, Inc. manager.  The remaining allegations set forth in Paragraph 112 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

113.    Denied.  Denied that KENCO was a Mars, Inc. manager.  The remaining allegations set forth in Paragraph 113 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to

the extent admissible, is demanded.

114.     Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 114, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

115.     Denied.  Denied that Kenco Logistics was a manager of Mars, Inc.  Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations set forth in Paragraph 115 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

116.     Denied.  Denied that any complaint was brought to Mars corporate, Mars management, or Mars human resources.  Strict proof at the time of trial, to the extent admissible, is demanded.  Denied that Mars had onsite Human Resources Personnel present at the Manteno facility.  Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations in Paragraph 116 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

117.     Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 117, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

118.     Denied.  Denied that Kenco Logistics was a manager of Mars, Inc.  Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations set forth in Paragraph 118 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent

admissible, is demanded.

119.    Denied.  Denied that RINGO was employed by Mars, Inc.  Strict proof at the time of trial, to the extent admissible, is demanded.  Denied that KENCO was a Mars, Inc. manager. Strict proof at the time of trial, to the extent admissible, is demanded.  The remaining allegations set forth in Paragraph 119 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

120.    Admitted in part, denied in part.  Denied that Mars, Inc. owned or operated the Manteno facility.  Strict proof at the time of trial, to the extent admissible, is demanded.  Admitted that Kenco managed the Manteno facility.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 120, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

121.    Denied.   After reasonable investigation, Mars denies having knowledge or information sufficient to answer the allegations in Paragraph 121, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

122.    Admitted in part, denied in part.  Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial, to the extent admissible, is demanded.  Admitted that Kenco's contract with Mars, Inc. was terminated early.  The allegations set forth in Paragraph 122 regarding unfair singling out and treatment constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 122,

therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

123.    Denied. Denied that KENCO was a Mars, Inc. manager.  Strict proof at the time of trial, to the extent admissible, is demanded.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 123, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

124.    Denied.  Denied that KENCO was a Mars, Inc. manager.  The remaining allegations set forth in Paragraph 124 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

125.    Denied. Denied that KENCO was a Mars, Inc. manager.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 125, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

126.    Denied.  Denied that KENCO was a Mars, Inc. manager.  After reasonable investigation, Mars denies having knowledge or information sufficient to answer the remaining allegations in Paragraph 126, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

WHEREFORE, Defendant Mars, respectfully requests that this Honorable Court dismiss Plaintiff's claims with prejudice, and for any additional relief deemed just and appropriate.

## **AFFIRMATIVE DEFENSES**

127.    Mars hereby incorporates its responses to Paragraphs 1 through 126 of Plaintiff's Complaint as if fully stated herein.

128.    Plaintiff has failed to exhaust his administrative remedies.

129.    Plaintiff has failed to state a claim for which relief may be granted.

130.    Plaintiff has failed to mitigate his damages.

131.    Plaintiff failed to timely report any alleged violations to representatives of the Mars.

132.    Mixed motive defense.  Without admitting that any improper motive played a role, Mars would have made the same decision even if it had not allowed the alleged improper motive to play a role.

133.    Plaintiff's claims are barred by the applicable Statutes of Limitations.

134.    Plaintiff's claims are barred by the Doctrine of Latches.

135.    Mars acted reasonably and in good faith, and not in willful violation of the civil rights statutes at issue in this action; accordingly, Plaintiff is barred from recovering punitive or liquidated damages.

136.    Mars expressly reserves the right to assert additional affirmative defenses and revise the defenses asserted herein as it learns additional relevant facts during the course of this litigation.

Dated  11/22/2016                                Respectfully submitted,


                                                S/ Kimberly J. Overbaugh
                                                Kimberly J. Overbaugh, Esq. PA #85610
                                                Thomas R. Davies, Esq. PA #35260
                                                Harry R. Harmon, Esq. PA #25342
                                                HARMON & DAVIES, P.C.
                                                2306 Columbia Ave.
                                                Lancaster, PA 17603
                                                Tel. (717) 291-2236
                                                Fax (717) 291-2236

                                                Attorneys for Defendant,
                                                Mars, Incorporated

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein in this matter, certify that on November 22, 2016 the aforementioned Defendant Mars, Incorporated's Answer to Plaintiff's Complaint was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via first-class regular mail:

Mardy Ringo
1122 M Chicago PL
Kankakee, IL 60901

S/ Kimberly J. Overbaugh
Kimberly J. Overbaugh, Esq.
Harry R. Harmon, Esq.
Thomas R. Davies, Esq.
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236