IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARDY RINGO, | ) |
| | ) |
| PLAINTIFF, | ) Case No.: 16-cv-02093-CSB-EIL |
| | ) |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, LLC, | ) |
| et. al., | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT MARS INCORPORATED'S MEMORANDUM IN SUPPORT OF IT'S MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)**

Defendant Mars, Incorporated (hereinafter "Mars"), by its undersigned counsel, moves for dismissal of the Plaintiff's Complaint for failure to state a claim for which relief may be granted, and in support thereof submits this brief.

I.   INTRODUCTION

On April 5, 2016, Plaintiff Mardy Ringo ("Ringo" or "Plaintiff"), a former employee of Defendant Kenco Logistic Services, LLC ("Kenco") filed this action *pro se* alleging: (1) discrimination on the basis of race under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discrimination on the basis of race under 42 U.S.C.A. §1981; (3) discrimination on the basis of disability under the Americans with Disabilities Act ("ADA"); (4) discrimination on the basis of age under the Age Discrimination in Employment Act; (5) conspiracy; (6) aiding and abetting; (7) intentional and willful interference; (8) retaliation; and (9) hostile work environment.1  (ECF

---

1 While Plaintiff fails to indicate under what statutes he is bringing his claims for retaliation and hostile work environment, for the purposes of this motion, Defendant assumes it is with respect to the claims filed

# 1 and #1-1) As explained below, Plaintiff failed to exhaust his administrative remedies and failed to state a claim for which relief can be granted against Mars with respect to his claims for discrimination, retaliation and hostile work environment under Title VII, the ADEA and the ADA. Plaintiff's remaining causes of action should also be dismissed for the various reasons outlined below.

II.   LAW AND ARGUMENT

    A.   Standard of Review

A claim may be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) if it appears clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle the plaintiff to relief. See *Hinson v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, L.Ed.2d 59 (1984); *Szumny v. American General Finance*, 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is proper where a plaintiff "has not, at a minimum, made enough factual allegations to raise a right to relief above a 'speculative level.'" See *Thompson v. Fairmont Chicago Hotel*, 525 F.Supp.2d 984, 987 (N.D. Ill. 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citations omitted). In addition to reviewing the allegations set forth in the Complaint itself, attachments to the Complaint may also be considered when analyzing whether a Plaintiff has met his/her burden. See *Thompson* 525 F.Supp.2d at 987 citing Fed.R.Civ.P. 10(c) (citations omitted).

    B.   Argument

        **1.   Plaintiff Failed to Exhaust Administrative Remedies and Has Failed to State a Claim With Respect to the Claims Against Mars Under Title VII, the ADEA and the ADA**

As a prerequisite to bringing a claim for discrimination in federal court under Title VII,

---

pursuant to Title VII, the ADEA, and the ADA.

the ADA or ADEA, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the appropriate state or federal agency. See *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). Plaintiff failed to file a charge against Mars alleging discrimination or retaliation under Title VII, the ADEA, or the ADA, and thus he has failed to exhaust administrative remedies with respect to such claims against Mars. Generally pled as an affirmative defense, failure to exhaust administrative remedies may also serve as a basis for a motion to dismiss. See *Thompson* 525 F.Supp.2d at 992 (granting motion to dismiss for failure to exhaust administrative remedies).

In this lawsuit, Plaintiff has alleged claims against Mars under Title VII, the ADA, and the ADEA, however all of the charges of discrimination filed by him with the Illinois Department of Human Rights/EEOC were against Kenco Logistic Services ("Kenco") **NOT** Mars. In fact, Mars is not even mentioned anywhere in the charge filed by Plaintiff. (ECF#1-2)

Plaintiff has not satisfied his obligation to exhaust administrative remedies prior to filing the instant claims under Title VII, the ADEA, and ADA against Mars and at this point he is out of time to do so. The latest date of discrimination listed on any of the charges filed by Plaintiff is 12/12/2014. (ECF# 1-2, Page 2)  In order to have met the required timing with respect any Title VII, ADEA or ADA claims against Mars, Plaintiff would have had to file a charge against Mars well over a year ago. See *Koelach v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995) (referencing 300 day filing requirement for claims filed with the EEOC) and *Pickering v. Illinois Human Rights Commission*, 146 Ill.App.3d 340, 496 N.E.3d 746, 99 Ill.Dec.885 (2d Dist. 1986) (noting 180 day deadline for filing of alleged violations under the IDHRA).

As evidenced above, Plaintiff has failed to exhaust his administrative remedies and has

failed to "state a claim" against Mars with respect to his causes of action pursuant to Title VII, the ADEA and ADA. Accordingly, such claims should be dismissed with prejudice.

    **2.    Plaintiff Has Failed to State a Claim for Race Discrimination Under 24 U.S.C. §1981**

Plaintiff also raises a claim for race discrimination under 42 U.S.C. §1981 (Section 1981). Such claim should be dismissed as well due to Plaintiff's failure to assert any facts in support of such a claim against Mars. While Plaintiff's Complaint includes a few passing references to Mars, he does not specifically tie any of the actions about which he complains to Mars. Mars is not even mentioned in the introductory paragraph of his Complaint, where Plaintiff only states "NOW COMES PLAINTIFF, MARDY RINGO (hereafter "RINGO") and hereby brings her [sic] complaint against defendants KENCO LOGISTICS SERVICES, LLC, a Tennessee, Limited Liability Company (hereafter "KENCO"), and alleges as follows:" (ECF #1-1, Page 2) In fact, in the first paragraph of the Complaint, Plaintiff specifically notes that the action is being brought "to remedy the violations of DOSS's [sic] civil rights and to redress the unlawful and discriminatory employment practices of KENCO. This action arises out of the conduct of KENCO's employees and its employment practices…." (ECF #1-1, Page 2) Plaintiff's "Factual Allegations" continually refer to Kenco and the alleged actions of its employees. The only references to Mars throughout the body of the Complaint are with respect to the location where Plaintiff worked- the "Mars, Inc. Manteno facility" and references to various KENCO employees and KENCO itself serving as "agents" of Mars. Plaintiff has failed to plead any of the required elements for a cause of action against Mars under 42 U.S.C. §1981. The required elements for a cause of action under Section 1981 are clear. A plaintiff pursuing such a claim must allege that: "(1) they are members of a racial minority; (2) the defendant intentionally discriminated against them on the basis of race; (3) the discrimination concerned one or

4

more of the rights enumerated in the statute." See *Payne v. Abbott Laboratories,* 999 F. Supp. 1145(N.D. Ill. March 30, 1998). Plaintiff must plead facts to show or raise a plausible inference that Mars purposefully discriminated against him because of race. *Id.* Plaintiff has failed to meet the required showing and as such, any claim under Section 1981 against Mars should be dismissed with prejudice.

      **3.**    **Plaintiff Failed to Properly Plead Conspiracy and Even if Properly Pled, Such Claims are Barred by the Illinois Department of Human Rights Act.**

      a.    <u>Plaintiff Failed to Properly Plead Conspiracy.</u>

In order to set forth a claim for conspiracy under Illinois law, a plaintiff must plead and prove: (1) an agreement to accomplish an unlawful purpose or lawful purpose by unlawful means; (2) a wrongful act in furtherance of the agreement; and (3) injury to the plaintiff. See *Wojcik v. Interarch, Inc.*, 2013 WL 5904996 (N.D. Ill. 2013). Federal Rule of Civil Procedure 9(b) also sets forth a heightened pleading requirement for conspiracy claims requiring that the plaintiff specifically set forth the "who, what, where, when and how" of the conspiracy. Plaintiff has failed to plead any of the required elements for a claim for conspiracy. Accordingly, Plaintiff's cause of action against Mars for conspiracy fails to state a claim and should be dismissed with prejudice.

      b.    <u>Plaintiff's Claim is Barred by the Illinois Human Rights Act.</u>

To the extent that Plaintiff relies upon his complaints about age, race, and disability discrimination and retaliation to support his claim for conspiracy, such claim is preempted by the Illinois Human Rights Act. In determining whether a court has jurisdiction over a claim, the focus is on whether the tort claim is linked to a civil rights violation such that no independent basis for the action exists without violation of the Illinois Human Rights Act itself. See *Bannon, et al. v. University of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007). Given that Plaintiff's complaints of

5

discrimination and retaliation, if true, would rise to violations of the Illinois Human Rights Act, there is no independent basis for Plaintiff's claim for conspiracy against Mars. Plaintiff's conspiracy claim is preempted by the Illinois Human Rights Act and must be dismissed with prejudice.

    **4.    Plaintiff Fails to State a Claim for Aiding and Abetting.**

Plaintiff's claim for "aiding and abetting" fails as there is no such separate cause of action under Illinois law. See *Yates v. John Marshall Law Sch.*, 2009 U.S. Dist. LEXIS 39819, *27, 2009 WL 1309516 (N.D. Ill. May 11, 2009). To allege "aiding and abetting," a party must first assert an underlying tort. Plaintiff has failed to assert any underlying tort that Mars has "aided and abetted." There is no assertion that Mars or any of its associates has done anything that would amount to tortious conduct or "aiding and abetting." To the extent that Plaintiff is attempting to tie his "aiding and abetting" claim to his count for conspiracy, that claim fails as well for the reasons previously addressed. Any argument that the "aiding and abetting" applies to Plaintiff's discrimination or retaliation claims would also fail as Plaintiff has failed to exhaust administrative remedies with respect to such claims against Mars as previously noted. Given the foregoing, Plaintiff's cause of action for "aiding and abetting" should be dismissed with prejudice.

    **5.    Plaintiff Fails to State a Claim for Intentional and Willful Interference.**

As with Plaintiff's other claims, he has failed to assert any facts to support a cause of action for "intentional and willful interference" against Mars. The Complaint is devoid of any specifics as to how Mars allegedly engaged in interference of any kind. In order to state such a claim for interference with a contract, which Mars assumes Plaintiff is asserting, Illinois law requires the showing of (1) a valid contract; (2) defendant's knowledge of the existence of a contract; (3) defendant's intentional and malicious inducement of the breach of the contract; (4) breach of contract

caused by defendant's wrongful conduct, and (5) resultant damage to the plaintiff.  See *Fuller v. Chicago Coll. of Osteopathic Med.*, 719 F.2d 1326, 1330 (7th Cir. 1983).  Plaintiff has failed to set forth facts establishing any of the above as it relates to the actions of Mars.  Given the foregoing, Plaintiff's cause of action for "intentional and willful interference" against Mars should be dismissed with prejudice.

6.    **Plaintiff Has Failed to Establish the Existence of an Agency Relationship Between Mars and Kenco**

Plaintiff attempts to hold Mars responsible for the alleged actions of Kenco and its employees by alleging that Kenco served as an agent for Mars.  Plaintiff was employed by Kenco.

In determining whether an agency relationship exists, courts must look to (1) whether principal has right to control manner and method in which agent performs his services and (2) whether agent has power to subject principal to personal liability."  See *Cumin Insurance Society, Inc. v. Peters*, 983 F. Supp. 787 (N.D. Ill. 1997).  Within the context of employment discrimination, an agent must be an agent with respect to employment practices.  See *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997) citing *Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117 (5th Cir. 1993).  Plaintiff has admitted that Mars had nothing whatsoever to do with Kenco's employment practices, thus Kenco cannot be considered Mars' agent.  In Paragraph 24 of the Complaint, Plaintiff states that David Jabaley ("Jabaley"), Director of Operations at Kenco, "was in a position of authority to undertake tangible employment decisions and/or control the terms and conditions of RINGO's employment with Defendant KENCO." (ECF #1-1, Paragraph 24, Page 7)  Plaintiff goes on to provide that Jabaley "directed and approved all operational activities, including but not limited to: hiring, pay,

7

scheduling, performance management, workflow and the like." (ECF #1-1, Paragraph 25, Page 7)  In Paragraphs 26 to 33 of the Complaint, Plaintiff refers to Kenco employees, Mario Lopez ("Lopez"), Mike Manzello ("Manzello"), Melissa Hansen ("Hansen") and William Schwerin ("Schwerin").  (ECF #1-1, Paragraphs 26-33, Pages 7-8)  Plaintiff notes that all of the above-referenced Kenco employees were individuals in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of his employment. (ECF #1-1, Paragraphs 26-33, Pages 7-8)  Plaintiff's Complaint is devoid of reference to anyone employed by Mars who were in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of his employment.  Accordingly, Plaintiff's agency argument must fail as he has not made the requisite showing to hold Mars liable for any claims related to his employment with Kenco and all such claims should be dismissed with prejudice.

III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Mars respectfully requests that all of Plaintiff's claims against Mars be dismissed with prejudice due to Plaintiff's failure to exhaust administrative remedies and for failure to state a claim upon which relief may be granted.

                                                   Respectfully submitted,

Dated: 11/22/2016                                <u>S/ Kimberly J. Overbaugh</u>
                                                          Kimberly J. Overbaugh, Esq. PA #85610
                                                          Thomas R. Davies, Esq. PA #35260
                                                          Harry R. Harmon, Esq. PA #25342
                                                          HARMON & DAVIES, P.C.
                                                          2306 Columbia Ave.
                                                          Lancaster, PA 17603
                                                          Tel. (717) 291-2236
                                                          Fax (717) 291-2236

                                                         Attorneys for Defendant,
                                                         Mars, Incorporated

## **CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys of record herein in this matter, certify that on November 22, 2016 the aforementioned Defendant Mars, Incorporated's Memorandum in Support of Motion to Dismiss the Complaint under Rule 12(b) was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via first-class regular mail:

      Mardy Ringo
      1122 M Chicago PL
      Kankakee, IL 60901

      S/ Kimberly J. Overbaugh
      Kimberly J. Overbaugh, Esq.
      Harry R. Harmon, Esq.
      Thomas R. Davies, Esq.
      HARMON & DAVIES, P.C.
      2306 Columbia Ave.
      Lancaster, PA 17603
      Tel. (717) 291-2236
      Fax (717) 291-2236