FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARDY RINGO,<br><br>   Plaintiff,<br><br>  v.<br><br>KENCO LOGISTICS SERVICES, LLC et al., DAVID JABALEY, MARIO LOPEZ AND MARS, INC.<br><br>   Defendants. | Case No. 16-cv-02093-CSB-EIL |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(5)</u>**

  Defendants, Kenco Logistics Services, LLC ("Kenco"), David Jabaley, and Mario Lopez, by and through their attorneys, Jody Wilner Moran and Julia Pearce Argentieri of Jackson Lewis, P.C., hereby move to dismiss Plaintiff's complaint due to insufficient service of process pursuant to Fed. R. Civ. Pro. 12(b)(5) for the reasons set forth herein as well as in Defendants' Motion. In support thereof, Defendants state as follows:

**<u>INTRODUCTION</u>**

  Plaintiff filed this lawsuit against Defendants on April 5, 2016 (Dkt. 1). The record does not reflect any attempts by Plaintiff to serve Defendants until nearly six months after the lawsuit was filed. Furthermore, Plaintiff's recent attempt to serve Kenco, Jabaley and Lopez did not comply with the Federal Rules. Lopez no longer works at the place of business where Plaintiff mailed a summons, and has not received any documents from Plaintiff. Kenco and Jabaley received a summons and a document labeled "Motion for Reconsideration and Reinstatement" in the mail, but to date, have not been served with a copy of the complaint, which is required under Fed. R. Civ. Pro. 4. Furthermore, in light of how long this lawsuit has already been pending,

1

Plaintiff's delays are prejudicial to Defendants by making it more difficult for former employee witnesses to be tracked down if necessary. Given that this lawsuit has been pending since April 5, 2016 and Plaintiff has not served any Defendants, Plaintiff has already far exceeded the time permitted under Fed. R. Civ. Pro. 4(m) for service. Defendants therefore request that Plaintiff's complaint be dismissed for insufficient service of process, and that Plaintiff be denied further extensions of time to attempt to serve Defendants.

## **FACTS**

This case involves employment discrimination claims by former Kenco employee Mardy Ringo. Plaintiff filed a lawsuit against Defendants on April 5, 2016 (Dkt. 1). On June 3, 2016 the Court dismissed the lawsuit due to failure to pay the required filing fee. Subsequently, Plaintiff paid the required filing fee and filed a Motion for Reconsideration (Dkt. 6). On June 29, 2016 the Court entered an order directing Plaintiff to consult with Fed. R. Civ. Pro 4 and serve Defendants. On October 5, 2015 Plaintiff filed affidavits reflecting that he attempted to served Defendants Kenco, Lopez and Jabaley via U.S. mail (Dkt. 8).

A copy of a declaration from Mario Lopez is attached hereto as Exhibit 1. To date, Defendant Mario Lopez has not received any documents related to this lawsuit from Plaintiff. *See* Ex. 1. Lopez no longer works at the location where Plaintiff mailed the summons. *See* Ex. 1. A copy of a declaration from Defendant Kenco Logistics Services, LLC is attached as Exhibit 2. A copy of a declaration from Defendant David Jabaley is also attached as Exhibit 3. Defendant Kenco and Defendant Jabaley received a mailed summons from Plaintiff. *See* Exs. 2 and 3. However, the summons did not have a copy of the complaint attached to it. *Id.* Both Kenco and Jabaley still have not been served with a copy of the complaint from Plaintiff. *See* Exs. 2 and 3. The summons that

2

Plaintiff mailed to Kenco and Jabaley contained a copy of a "Motion for Reconsideration and Reinstatement" along with it but did not contain a copy of the complaint. *See* Exs. 2 and 3.

## LEGAL STANDARD

A federal court may not exercise personal jurisdiction over a defendant absent service of process or waiver of service by the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). A defendant may challenge the adequacy of service of process with a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(5). *See Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011). The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant which is obtained through effective service. *Id.* Federal Rule of Civil Procedure 4 provides instructions to a plaintiff regarding serving a defendant to initiate a civil lawsuit. Fed. R. Civ. Pro. 4(c)(1) requires that: "a summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the timeframe allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. Pro. 4(c)(1). Under Fed. R. Civ. Pro. 4(m) the court must dismiss an action without prejudice if a defendant is not served within 90 days after the complaint is filed, unless good cause for the failure exists. *See* Fed. R. Civ. Pro. 4(m).

## ARGUMENT

**I.    Plaintiff Failed to Properly Serve Defendants Kenco, Jabaley and Lopez.**

Federal Rules of Civil Procedure require that a plaintiff serve a copy of a summons and complaint upon a defendant in the manner permitted under federal and local rules. *See generally,* Fed. R. Civ. Pro. 4(m). To date, Defendants Kenco, Jabaley and Lopez have not been properly served and therefore, dismissal is proper.

First, Defendant Lopez has not been served with any documents related to this lawsuit, as stated in his attached declaration. *See* Ex 1. Plaintiff sent a summons to Lopez's former employer (and failed to include the suite number) and the summons never reached Lopez. Further, Lopez no longer works at that employer, and his last day of work there was September 23, 2016. Given that Lopez has not been served with a summons or complaint, the lawsuit should be dismissed against Lopez because he was not served within the required time period under Fed. R. Civ. Pro. 4(m). *See Olson v. Edwards,* 2013 U.S. Dist. LEXIS 8687, *14-*15 (S.D. Ill. Jan. 23, 2013) (Dismissing Defendant James Edwards because Plaintiff failed to serve him with summons and complaint in accordance with Rule 4, and court determined that further extensions of time should not be granted); *see also Martin v. U.S.,* 2014 U.S. Dist. LEXIS 94954, *7 (C.D. Ill. July 14, 2014) (Finding defendant United States had not been properly served with process as required under rules).

In addition to the fact that Lopez has not been served, Defendants Kenco and Jabaley also have not been served properly. As the declarations of Kenco and Jabaley reflect, Kenco and Jabaley were each served via mail at Kenco's business address with a summons and a document labeled "Motion for Reconsideration and Reinstatement." *See* Ex. 2 and Ex. 3. This is not proper service. *See Chapman v. Yellow Cab,* 2016 U.S. Dist. LEXIS, *15 (E.D. Wis. Feb. 24, 2016). In *Chapman,* the court was faced with directly analogous facts where defendants were served with a summons and other miscellaneous documents (but never served with the complaint) and ruled that service of a summons with other papers, but not the complaint, was deficient. *Id.* The Court held that "Mohamed and Giri were not served with the Complaint. Therefore they were not properly served." *Id.* at *15. In *Chapman,* the court did not dismiss the lawsuit in its entirety, because Plaintiff was still within the ninety (90) day time period under Fed. R. Civ. Pro. 4(m) in order to

effectuate proper service. However, here, this lawsuit has now been pending for over six months and Plaintiff's 90 day time limit to properly serve defendants has long passed. For these reasons, dismissal is warranted.

**II.    Pursuant to Fed. R. Civ. Pro. 4(m) Plaintiff's Lawsuit Should Be Dismissed because it was Filed Over Six Months Ago and Plaintiff Failed to Effectuate Service.**

Plaintiff has not served Defendants Kenco, Lopez or Jabaley with the complaint and summons as required by Federal Rules, and the court therefore does not have jurisdiction over these defendants. Rather than granting Plaintiff an additional extension of time, Plaintiff's lawsuit should be dismissed without prejudice due to his continued disregard for the federal rules related to service of process. Plaintiff's complaint has already been pending for over 180 days, well in excess of the 90 day time limit for service under Rule 4(m), and is prejudicial to Defendants for Plaintiff to continue to require additional extensions to effectuate proper process. Defendants have not made any effort to evade service. In fact, based on the content of Plaintiff's filings, Plaintiff appears to be working together with other former Kenco employees who have filed lawsuits, and therefore is aware of the names of Counsel for Defendants through those dockets. Had Plaintiff simply sent a request for waiver to Kenco, Lopez or Jabaley, or directly to Jackson Lewis P.C., within the first 90 days after filing this lawsuit, or even within the first 90 days after the lawsuit was re-instated, Defendants would have waived service and moved forward with defending the merits of the lawsuit. However, the more time that passes, it becomes increasingly more difficult for Defendants to track down former employee witnesses, given that all of the Kenco employees were terminated in February, 2015 at the site where Plaintiff worked. As a result, Plaintiff's clear decision to delay making any efforts to move this case forward for over six months after it was filed is prejudicial and further delays should not be permitted. For these reasons, it is reasonable

for this Court to dismiss this lawsuit without prejudice, rather than granting Plaintiff additional time to try to serve Defendants, when he has already received over six months (twice the time allotted under Rule 4(m)) and failed to do so properly. *See Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 935 (7th Cir. 2002) (Affirming dismissal and decision not to extend time period for service of process); *see also Landlock Natural Paving, Inc. v. Desin L.P.,* 2015 U.S. Dist. LEXIS 20185 (N.D. Ill. Feb. 20, 2015) (Finding lack of diligence to effectuate timely service outweighed any other factors that may weigh in favor of extending the time period for service); *see also Wallace v. City of Wash.*, 2015 U.S. Dist. LEXIS 142990, *1 (C.D. Ill. Sept. 29, 2015) (Recommending dismissal against one defendant in accordance with Rule 4(m) where Plaintiff had failed to take steps to serve party properly). For the reasons stated, Plaintiff's failure to serve Defendants within 90 days is unreasonable, and Plaintiff's lawsuit should be dismissed without prejudice pursuant to Fed. R. Civ. Pro. 4(m).

## CONCLUSION

WHEREFORE, for all the reasons stated herein, as well as in Defendants' Motion, Defendants Kenco, Lopez and Jabaley request that this Court grant Defendants' Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(5) and enter an order dismissing Plaintiff's complaint based on Plaintiff's failure to serve Defendants.

Dated: November 22, 2016                    Respectfully submitted,

**KENCO LOGISTICS SERVICES, LLC, DAVID JABALEY AND MARIO LOPEZ**

By: /s/ Jody Wilner Moran
        One of its Attorneys

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Jody Wilner Moran, an attorney, hereby certify that on November 22, 2016, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5)** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing has been mailed by Federal Express, postage prepaid to the following non-ECF participant:

> Mardy Ringo
> 1122 N. Chicago Place
> Kankakee, IL 60901

> By: /s/ Jody Wilner Moran
> One of the Attorneys for the Defendants