E-FILED
Monday, 28 November, 2016  11:52:30 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
#### Urbana Division

MARDY RINGO,

       Plaintiff,

v.                                                                    Case No. 16-2093

KENCO LOGISTIC SERVICES,
LLC, et al.,

       Defendants.

---

### ORDER

**IT IS ORDERED HEREIN AS FOLLOWS:**

1.  That this matter be, and hereby is, scheduled for a Rule 16 Scheduling Conference by **personal appearance** before U.S. Magistrate Judge Eric I. Long on **January 3, 2017, at 11:30 A.M.**, Courtroom B, U.S. Courthouse, 201 South Vine Street, **Urbana**, Illinois.

2.  ***Primary trial counsel for each party shall attend*** and be prepared to discuss all issues listed in FED. R. CIV. P. 16 and 26.

3.  Attorneys shall timely comply with FED. R. CIV. P. 26(a)(1).  A certificate of compliance should be filed, but the <u>disclosures are NOT to be filed</u>.  [CDIL-LR 26.3 (A)].

4.  A meeting pursuant to FED. R. CIV. P. 26(f) shall occur at least twenty-one (21) days before the scheduling conference is held.  The parties shall fully comply with the requirements of Rule 26(f).

5.  The parties shall develop a proposed discovery plan[1] which shall be submitted to the Court not less than seven days prior to the Scheduling Conference.  **If an agreed discovery plan**

---

[1]A sample proposed discovery plan can be found at this Court's website - www.ilcd.uscourts.gov/forms/all-forms/urbana.

**pursuant to** FED. R. CIV. P. **26(f)(3) is filed seven days before the hearing, the conference will be AUTOMATICALLY converted to a telephone conference, and the Court will initiate the call.** If applicable, the plan should include provisions for discovery or disclosure of electronically stored information and any agreement with respect to inadvertently disclosed work product or privileged information, using the Sedona Principles (2d Ed. 2007) as a guide; a copy of these Principles follows the signature of this Order.  Failure to timely submit a discovery plan may result in the cancellation of the discovery conference and assessment of costs.

ENTERED this 28th day of November, 2016.

_____s/ERIC I. LONG_____
U.S. MAGISTRATE JUDGE

**The Sedona Principles Addressing Electronic Document Production June 2007**
**Second Edition**

1. **Electronically stored information is potentially discoverable under Fed. R. Civ. P. 34 or its state equivalents.  Organizations must properly preserve electronically stored information that can reasonably be anticipated to be relevant to litigation.**

2. **When balancing the cost, burden, and need for electronically stored information, courts and parties should apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) and its state equivalents, which require consideration of the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.**

3. **Parties should confer early in discovery regarding the preservation and production of electronically stored information when these matters are at issue in the litigation and seek to agree on the scope of each party's rights and responsibilities.**

4. **Discovery requests for electronically stored information should be as clear as possible, while responses and objections to discovery should disclose the scope and limits of the production.**

5. **The obligation to preserve electronically stored information requires reasonable and good faith efforts to retain information that may be relevant to pending or threatened litigation. However, it is unreasonable to expect parties to take every conceivable step to preserve all potentially relevant electronically stored information.**

6. **Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.**

7. **The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronically stored information were inadequate.**

8. **The primary source of electronically stored information for production should be active data and information. Resort to disaster recovery backup tapes and other sources of electronically stored information that are not reasonably accessible requires the requesting party to demonstrate need and relevance that outweigh the costs and burdens of retrieving and processing the electronically stored information from such sources, including the disruption of business and information management activities.**

9. **Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information.**

10. **A responding party should follow reasonable procedures to protect privileges and objections in connection with the production of electronically stored information.**

11. **A responding party may satisfy its good faith obligation to preserve and produce relevant electronically stored information by using electronic tools and processes, such as data sampling, searching, or the use of selection criteria, to identify data reasonably likely to contain relevant information.**

12. **Absent party agreement or court order specifying the form or forms of production, production should be made in the form or forms in which the information is ordinarily maintained or in a reasonably usable form, taking into account the need to produce reasonably accessible metadata that will enable the receiving party to have the same ability to access, search, and display the information as the producing party where appropriate or necessary in light of the nature of the information and the needs of the case.**

13. **Absent a specific objection, party agreement or court order, the reasonable costs of retrieving and reviewing electronically stored information should be borne by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business. If the information sought is not reasonably available to the responding party in the ordinary course of business, then, absent special circumstances, the costs of retrieving and reviewing such electronic**

**information may be shared by or shifted to the requesting party.**

14. **Sanctions, including spoliation findings, should be considered by the court only if it finds that there was a clear duty to preserve, a culpable failure to preserve and produce relevant electronically stored information, and a reasonable probability that the loss of the evidence has materially prejudiced the adverse party.**



CHAMBERS OF
**COLIN S. BRUCE**
U.S. DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
318 U.S. COURTHOUSE
201 SOUTH VINE STREET
URBANA, ILLINOIS 61802

TELEPHONE   217-974-7510
FACSIMILE    217-373-5855

**Dear Counsel:**

Enclosed please find the following documents in regard to your upcoming Rule 16 scheduling conference:

1. Order setting the Rule 16 scheduling conference;

2. Memo outlining the particulars of the Rule 16 scheduling conference;

3. General Rules for the Conduct of Counsel submitted by the Court;

4. Information on the Court's website, including a link to Courtroom Technology guides;

5. Consent form for use in assigning case to U.S. Magistrate Judge Eric I. Long as explained in Section IV of Memo.

**<u>Please read all items thoroughly as recent changes have been made</u>**.

**s/ Eric I. Long**                          **s/ Colin S. Bruce**
ERIC I. LONG                            COLIN S. BRUCE
U. S. MAGISTRATE JUDGE          U. S. DISTRICT JUDGE



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

# M E M O R A N D U M

---

**TO:**          **Counsel in Pending Cases**

**FROM:**        **Colin S. Bruce**
                 **U.S. District Judge**

                 **Eric I. Long**
                 **U.S. Magistrate Judge**

**RE:**          **<u>RULE 16 CONFERENCES</u>**

## I.      Introduction

        Rule 16 conferences in the Urbana Division in the Central District of Illinois are a critical component of the court's case management system.  It is the intention of the court to make the Rule 16 conference a meaningful undertaking with an eye toward accomplishing the goals set forth in FRCP 16(a).  This memo is intended to acquaint counsel with the matters typically discussed at a Rule 16 conference.  The ranking of the subjects that follow is purely random.

## II.     Case Discussion

        A.      Counsel should be prepared to engage in a frank discussion of the case.  The Court will be familiar with the pleadings but will likely be interested in knowing more about the details. The Court will likely want to discuss the issues raised by the complaint, as well as matters included in affirmative defenses which have been raised.  Any such discussion shall be undertaken pursuant to FRCP 16(c) which counsel are advised to review prior to the conference.

        B.      The Court will schedule cases for Rule 16 conference even when there are pending motions.  If possible, the motions will be resolved prior to the conference. However, in many instances, it will not be possible to resolve all motions prior to the conference. Nevertheless, the conference will proceed. The Court will not guarantee that oral argument on any pending motion will be allowed. (*See* VII(D) below). However, counsel should be prepared to answer questions the Court may have regarding any outstanding motion(s).

### III.    Discovery Calendar

A.    Pursuant to the order setting the case for a Rule 16 conference, the parties are to have submitted a proposed discovery plan prior to the Rule 16 conference.  As a general rule, the Court attempts to put each case on one of the three tracks.

    1.    Uncomplicated cases should have a calendar which would allow for **trial within one year** of the Rule 16 conference.

    2.    Most cases will have a calendar designed for completion **approximately 18 months** following a Rule 16 conference.

    3.    Cases that are exceptionally complex or involve logistical problems such as the need to take depositions internationally will be allowed a **24 month calendar**.

B.    The Court will consider the proposed calendar submitted by counsel and make any changes necessary to conform the calendar to the track selected. In so doing the Court intends to be flexible in order to allow a reasonable time for completion of discovery. Subsequent requests for extension (even if by agreement) will be granted only under exceptional circumstances.

C.    In addition to the dates governing discovery, the Court will assign a final pretrial and trial date. Counsel should anticipate a trial date approximately four months after the deadline for filing case dispositive motions.  Unless the parties consent to trial by the magistrate judge prior to or at the Rule 16 conference, the trial will be scheduled before Judge Bruce.  In the event of a consent, the trial will be placed on the calendar of Judge Long.

### IV.    Consent

A.    Both judges encourage consent to the magistrate judge. Judge Bruce has a substantial caseload which affects his ability to schedule trials in civil cases. Judge Bruce takes no offense if the parties wish to consent and Judge Long takes no offense if they do not do so.  Presently Judge Bruce schedules up to five civil cases per civil setting. Accordingly, not everyone receives a "No. 1 setting." Judge Long customarily sets only one trial at a time although in some situations, he has scheduled two.

B.    The parties are cautioned to make the consent decision early in the proceedings.  The Court will view a consent tendered a few months before trial as an effort to obtain a continuance.  Those consents will be ignored and no order of reference entered.

## V.    Alternative Dispute Resolution

A.    The parties are reminded that they must consider some form of alternative dispute resolution.  Currently, the Court offers three mechanisms.

    1.    The parties may request a judge-hosted **settlement conference**. A judge other than the assigned trial judge will be designated to host the settlement conference.  Thus, in cases assigned to Judge Bruce, Judge Long or Judge Bernthal and occasionally Judge Baker will host settlement conferences.  In consent cases assigned to Judge Long, Judge Bernthal and occasionally Judge Bruce or Judge Baker will host settlement conferences.

    2.    The Court will also offer a **summary jury trial or a summary bench trial**. These proceedings result in an advisory verdict designed to help counsel assess the value of the case.

        a.    The **summary jury trial** is a one-day proceeding involving no live witnesses.  The attorneys are allowed an opportunity to tell the trier of fact what their evidence would be.  Then they are allowed time to make a final argument.  In a jury proceeding, the Court instructs the jury, which then retires for a fixed deliberation period.  If the jury reaches a consensus, they return and report the verdict. If they are unable to reach a consensus, they return having filled out individual forms of verdict.  Unless the parties stipulate to be bound by the verdict, this verdict is advisory only and does not become part of the court record.

        b.    The **summary bench trial** is essentially the same without the jury participation.

B.    At the Rule 16 conference, the parties should be prepared to summarize their settlement discussions to date.  The Court will want to know if the Plaintiff has made a demand and if there has been any response.  Counsel should also be prepared to discuss the alternative dispute mechanism which they feel would be most appropriate for their case.

## VI.    Compliance With Scheduling Order

A.    The Court regularly receives requests to convert the Rule 16 conference from personal appearance to telephonic conference.

    1.    If the parties have complied with the Court's order setting the scheduling conference by submitting their proposed discovery plan to the Court seven days prior to the scheduled conference, *the Court will automatically convert* the hearing from personal appearance to telephone conference.   The Court will initiate the call.

2.     For those who fail to submit proposed plans prior to the hearing, requests for conversion to telephone conference will be denied.

3.     In those rare instances where counsel appear for the Rule 16 conference without a plan, the Court will either continue the matter to a new date or allow counsel a conference room in which to meet and prepare their plan. The Court will resume the case when the Court's schedule allows. This may result in counsel waiting several hours before the Rule 16 conference resumes in open court.

## VII. Miscellaneous Information

A.     Generally, Rule 16 scheduling in the Urbana Division is done by Judge Long's chambers.

    Phone: 217/373-5839 & Fax: 217/373-5840.

B.     The Court does not typically schedule oral argument on motions. Motions are taken under advisement and ruled upon by the Court without oral argument. Any attorney desiring oral argument should make a request in writing as part of the motion or response. If the Court deems oral argument appropriate, the Court will schedule the matter for argument. However, counsel are advised that such requests are rarely granted.

*Revised May 2015*

4



**United States District Court**
**Central District of Illinois**
**U.S. COURTHOUSE**
**201 SOUTH VINE STREET**
**URBANA, ILLINOIS 61802**

CHAMBERS OF
**COLIN S. BRUCE**
**U.S. DISTRICT JUDGE**

TELEPHONE **217-974-7510**
FACSIMILE **217-373-5855**

I.      **GENERAL RULES FOR THE CONDUCT OF COUNSEL IN THE COURTROOM AND DURING TRIAL**

I.      Only counsel and parties are to be seated at counsel table. Also, only members of the bar are to be seated inside the rail and in the well of the Court, unless the Court specifically authorizes otherwise.

II.     Counsel will refer to court officials by their titles and not by their first or last names (i.e., "The Clerk", "The Court Reporter", "The Marshal", etc.). Counsel are also asked to refer to each other as "Mr.", "Miss", or "Mrs.", rather than by their first names.

III.    In jury trials, as a general rule, Court will convene at 9:30 a.m., take a mid-morning recess, break for lunch from Noon to 1:30 p.m., take a mid-afternoon recess, and adjourn for the evening at 4:30 p.m.

IV.     Counsel are requested to either go across to the attorney/witness room themselves to call a witness, or to arrange for an associate to do so. The Marshals and Court Security Officers (CSOs) are in the courtroom for security purposes only and are instructed not to engage in any activity other than security protection for the Court, the jury, counsel, and the attending of juries.

V.      No food or drink will be permitted in the courtroom <u>at any time</u>, other than the water on counsel tables. Also, newspapers are not to be read in the courtroom.

VI.     No electronic devices which beep, ring, buzz, or whistle (<u>e.g.</u>, cellular phones, alarm clocks, pagers) are to be used in the courtroom. Should an electronic device make a noise in some disruptive manner, the owner of the device shall surrender it to the courtroom deputy who will shut the device off and retain possession of the device until the close of court in lieu of the individual being held in contempt.

VII.    Counsel must not waste jurors' time. Consequently, counsel should:

        1.      arrive in the courtroom on time for all scheduled court appearances;

        2.      raise anticipated legal arguments regarding evidence, witnesses, etc., at the beginning of the day <u>prior</u> to the scheduled arrival of the jury, after the jury has been relieved for a break, or <u>after</u> the jury has been relieved for the day;

        3.      request side-bars only when absolutely necessary; and

    4.    <u>be well prepared</u>. Dispositive motions should have a memorandum of law attached. All cases cited to the Court must include a copy of the case.

VIII.    Counsel must address themselves <u>only</u> to the Court except during opening statements, closing arguments, and examination of witnesses. Consequently, counsel should address the Court and:

    1.    not address comments to opposing counsel;
    2.    not ask jurors questions (i.e., "Can you see this exhibit?");
    3.    not address comments to the court reporter (i.e., "Read that back");
    4.    not address comments to the Clerk of the Court; and
    5.    not instruct witnesses but rather request that the Court give the instruction.

IX.    Counsel must stand when addressing either the Court or the jury and use the podium when examining witnesses or during opening statements and closing arguments so that the court reporter can accurately transcribe the proceedings. Also, counsel and the parties must stand when the jury enters and exits the courtroom.

## II.    INSTRUCTIONS CONCERNING JURY SELECTION

The following is a description of the struck panel method by which the jury will be selected in proceedings before Judge Bruce. There are many variations on this basic technique, and it is important that counsel understand exactly what procedure will be followed. The procedure requires counsel to take more careful notes and to observe more panelists than under the traditional jury selection method.

Judge Bruce will conduct a voir dire of a number of panelists computed by totaling the following: the number of jurors to be selected, the number of alternates to be selected in a criminal case (generally 2), and the number of peremptory challenges. Thus, in a single defendant criminal case in which the defendant has 10 and the Government 6 peremptory challenges, plus 1 challenge each with respect to alternates, Judge Bruce will voir dire 32 panelists.

In a civil case in which each side has 3 peremptories, Judge Bruce will voir dire <span style="color:red">18 panelists for a 12- person jury.</span> Fewer panelists will undergo voir dire if the jury is to consist of less than 12 jurors.

After Judge Bruce has voir dired the panel, the panel will be temporarily removed from the courtroom, or the attorneys will approach the bench or retire to Chambers, as the Judge directs. The first order of business will be to determine whether there are any challenges for cause. If there are any challenges for cause, the removed panelists will be replaced by inserting new panelists from the venire in their slots so that there is a full panel before any peremptory challenges are exercised. Judge Bruce will then complete the voir dire of panelists added as a result of challenges for cause, if any.

The exercise of peremptory challenges will follow next, <span style="color:red">while the jury is outside the courtroom.</span> Counsel will exercise a challenge by indicating the name of the juror challenged. Counsel will alternate in exercising challenges, with Plaintiff having the first challenge.

6

In civil cases, this process will be repeated two more times until all three peremptories are exhausted. In criminal cases, the number of challenges is different, and the jurors are excused only after all challenges have been exercised. In a single defendant criminal case, the defendant exercises 2 challenges and the Government 1 challenge for four rounds, then each side exercises 1 challenge for two rounds, making a total of 10 and 6. In each round, the Government will exercise its challenges first.

Note that a party may waive its right to challenge but may not reserve its challenge. Counsel may not say, "Well, we will pass this time and take 2 the next time." Also note that challenges may be made to any of the panelists regardless of where that panelist appears in the array.

When each side has exhausted its peremptory challenges, the first 12 names unchallenged constitute the jury in a criminal case.

After the 12-person jury is selected in a criminal case, each side has 1 additional challenge which is exercisable only with respect to the alternates, who are selected from the remaining unchallenged panelists after the jury has been selected. These final two challenges will occur once the other peremptory challenges have been exercised.

## III.    CONDUCT TOWARD THE JURY

A.    Counsel may not, under any circumstances, communicate with a juror during the pendency of a trial and may do so after the conclusion of the trial only with <u>prior</u> permission from the Court.

B.    The Court will conduct voir dire examination. If counsel has particular, non-routine questions which they would like the Court to ask, those questions should be presented to the Court in writing at the final pre-trial conference.

C.    Counsel and the parties shall <u>not</u> extend common courtesies to any juror, including greetings, holding a door or elevator, etc.

## IV.    EXAMINATION OF WITNESSES

A.    As previously stated, counsel should not instruct witnesses, but instead request the Court for an instruction.

B.    Counsel should not ask a witness to leave the witness box, but instead request that the Court grant the witness the right to leave the box at the conclusion of the testimony or for demonstrative reasons.

C.    When more than one attorney represents one party, only one attorney may question each witness, and only the questioning attorney may object to opposing counsel's questions of that witness.

D.    Counsel should ask leave to approach a witness with an exhibit the first time, and need not repeat the request for that witness thereafter.

E.    Counsel should not obstruct any juror's view of the witness with their person or an exhibit.

F.    Counsel should be mindful of the court reporter and not speak too quickly or begin a new question prior to a witnesses' completion of the answer to the previous question.

G.    When counsel has completed the examination of a witness, counsel should not address themselves to opposing counsel (i.e., "Your witness"), but instead address themselves to the Court (i.e., "Those are my questions," "I have no further questions," or "Thank you, Mr. Witness").

## V.    OBJECTIONS

A.    Counsel should attempt to limit their courtroom objections by motions in limine which should be in writing and filed before the final pretrial. The Court will not consider motions filed after the final pretrial conference. The Court will deem such motions as untimely.

B.    Counsel should stand when making an objection. District rules require counsel to stand whenever addressing the Court.

C.    Counsel should very briefly state the grounds for an objection at the time the objection is made (i.e., "Objection. Argumentative.").

D.    If counsel wishes to argue an objection or make a record, they should not do so in front of the jury, but instead must request a side-bar. All side bars should be kept to a minimum and the Court frowns on requests to have the jury frequently taken from the courtroom. The Court encourages counsel to anticipate evidentiary problems and handle as many objections as possible prior to trial or at the beginning of the morning or afternoon before the jury enters the courtroom.

E.    Once an objection is made, before proceeding to another question, the questioner should either wait for a ruling or ask to withdraw the pending question. The questioner should not respond to the objection unless asked by the Court to do so.

## VI.    EXHIBITS

A.    Pursuant to District rules, always pre-mark your exhibits and exchange them with opposing counsel.

B.    Each item, including pages, in a group exhibit must be marked.

C.    Always show exhibits to opposing counsel before showing them to a witness.

D.    If counsel wishes an exhibit to be published to the jury, they should ask for the Court's permission. If allowed, the Court will instruct the Court Security Officer to pass the exhibits to the jury or the Court may allow them to be published by electronic means. Exhibits may not be published before they are admitted into evidence. There should not be questioning of a witness while the exhibit is published.

E.    Disputes over the admissibility of exhibits must be raised outside the presence of the jury, preferably in a motion in limine.

8

## VII.     JURY INSTRUCTIONS

A.      Proposed jury instructions must be e-filed with the Court prior to the final pre-trial conference.

B.      Jury instructions should be double-spaced. Pattern jury instructions must be used if there is a relevant Seventh Circuit pattern instruction. Non-pattern instructions are discouraged unless necessity compels their usage.

## VIII.     CONDUCT DURING JURY DELIBERATION

A.      Counsel should furnish the Clerk of the Court with a telephone, cellular phone, or pager number where they can be reached when the jury indicates that it has reached a verdict or when the jurors have a question that needs a response from the Court.

B.      Counsel should be able to arrive in the courtroom upon receiving a call within no more than fifteen minutes after being contacted by the Court.

C.      **REMEMBER, counsel may not question jurors after a verdict has been reached without prior approval from the Court.**

*Revised January 2014*

9



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

# www.ilcd.uscourts.gov

## Please visit our website to find:

- ➢ **Local Rules**
- ➢ **Selected Court Forms, including Attorney Admission Forms**
- ➢ **Juror Information**
- ➢ **Maps to the Courthouses in all divisions**
- ➢ **Selected Orders and Opinions of the Court**
- ➢ **Chambers and Clerk's Office Staff Directories**
- ➢ **Courtroom Technology Guides**

http://www.ilcd.uscourts.gov/courtroom-technology



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

### OFFICE OF THE CLERK

**Kenneth A. Wells**
**CLERK OF COURT**

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A
## CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, you are hereby notified that, upon the consent of all the parties in a civil case, the Court may appoint a United States Magistrate Judge of this District, who is specially certified to conduct any or all proceedings, including trial of and the entry of a final judgment. A copy of the appropriate consent form is attached.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary and should be communicated to the Clerk of the Court. Only if all the parties to the case consent to the reference to a Magistrate Judge will either the District Judge or Magistrate Judge to whom the case has been assigned be informed of your decision. Neither a District Judge nor a Magistrate Judge will attempt to persuade or induce any party to consent to the reference of this case to a Magistrate Judge.

If all parties consent, the form is to be e-signed (s/NAME) by all and e-filed with the Court pursuant to guidance in the Court's Local Rules 11.4(A) or (B). A certificate of service is not required to be filed with this document.

**NOTE: The Court has approved s/NAME as an official signature on the Consent Form. Copies of the form and the Court's Local Rules are available at www.ilcd.uscourts.gov.**

Peoria Division
100 N.E. Monroe St.
Room 309
Peoria, IL 61602
309.671.7117

Urbana Division
201 S. Vine St.
Room 218
Urbana, IL 61802
217.373.5830

Springfield Division
600 E. Monroe St.
Room 151
Springfield, IL 62701
217.492.4020

Rock Island Division
211 19th St.
Room 203
Rock Island, IL 61201
309.793.5778

AO 85 (Rev. 07/11 Court)  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
### Central  District of Illinois

| | | |
|---|---|---|
| | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

TO E-FILE THE CONSENT TO MAGISTRATE JUDGE FORM:

1.      Scan and save the form in pdf format.

2.      Log on to CM/ECF.

3.      Click on Civil on the top left hand corner of the blue toolbar.

4.      Click on Other Filings/Other Documents.

5.      Choose "Proposed Consent to Jurisdiction by Magistrate Judge" from drop down box. Click next.

6.      Enter case number.  Click next.

7.      Browse for the saved form.  Click next.

8.      Case confirmation screen appears.  Click next.

9.      Docket text appears.  Click next.

10.     NEF appears.  Consent has been filed.

11.     Place the original document in your file.  (Pursuant to Local Rule 11.4(B)(3) - "The filing party must retain the original document until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review has passed.")

**RULE 11.4   ELECTRONIC SIGNATURES**

(A)   <u>Signatures by Electronic Filers.</u>

    (1)   Use of a log-in and password for electronic filing constitutes and has the same force and effect as the filer's signature for purposes of Fed. R. Civ.
P. 11, the Local Rules of this Court, and any other purpose for which a signature may be required in connection with proceedings in this Court.

    (2)   Electronic filers should sign in the following manner: "s/ Jane Doe." Documents signed by an attorney must be filed using that attorney's log-in and password; they may not be filed using a log-in and password belonging to another attorney.

    (3)   Where multiple attorney signatures are required, such as on a joint motion or a stipulation, the filing attorney may enter the "s/" of the other attorneys to reflect their agreement with the contents of the documents.

(B)   <u>Signatures by Non-Electronic Filers.</u>

    (1)   If an original document requires the signatures[s] of one or more persons not registered for electronic filing (e.g. settlement agreement with a pro se party, or a witness' affidavit), the filing party or its attorney must initially confirm that the content of the document is acceptable to all persons required to sign the documents. Original signatures of all non-electronic filers must be obtained before the document is filed.

    (2)   The filing party must either redact the original signature[s] and efile the redacted version of the document, or provide the redacted version to the Clerk's Office for scanning and electronic filing. The filed document must indicate the identity of each non-registered signatory in the form "s/Jane Doe". A certificate of Service upon all parties and/or counsel of record must be filed with the document.

    (3)   The filing party must retain the original document until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review has passed.

    (4)   The electronically filed document as it is maintained on the court's servers constitutes the official version of that record. The court will not maintain a paper copy of the original document except as otherwise provided in these Rules.

(C)     <u>Disputes Over Authenticity.</u>

Any party or non-filing signatory who disputes the authenticity of an electronically filed document or the signatures on that document must file an objection to the document within 14 days of receiving the notice that the document has been filed.