UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **MARDY RINGO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 16-CV-2093 |
| ) | |
| **KENCO LOGISTIC SERVICES LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This case is before the court for ruling on the Motion to Dismiss (#17) filed by Defendant Mars Incorporated (Mars) and the Motion to Dismiss (#20) filed by Defendants Kenco Logistic Services LLC (Kenco), David Jabaley, and Mario Lopez (collectively Defendants). Plaintiff, Mardy Ringo, filed a *pro se* Response (#26), with attached exhibits. This court has carefully considered the arguments of the parties and the documents filed. Following this careful consideration, Mars' Motion to Dismiss (#17) is GRANTED and Defendants' Motion to Dismiss (#20) is GRANTED.

BACKGROUND

On April 5, 2016, Plaintiff, an African American man, filed a Complaint (#1) of Employment Discrimination against Defendants.[1] In this lengthy Complaint, Plaintiff

---

[1] This court notes that there have been other *pro se* cases filed alleging discrimination by Mars and Kenco. Judge Long recently entered an Order (#72) in one of these cases, *Doss v. Kenco Logistic Services LLC, et al.*, Case No. 15-cv-2287. Judge Long noted in his Order that the plaintiff, although proceeding *pro se*, had "filed a number of pleadings that parallel, and sometimes mirror exactly, the same filings from another case by another plaintiff." Judge Long reminded the plaintiff in *Doss* that it is illegal in Illinois and against this court's Local Rules to practice law without a license. Judge

made numerous allegations of unfair treatment on the basis of his race, age and disability and also alleged that unfavorable actions were taken in retaliation for his complaints of discrimination. Specifically, Plaintiff alleged: (1) discrimination on the basis of race under Title VII of the Civil Rights Act of 1964; (2) discrimination on the basis of race under 42 U.S.C. § 1981; (3) discrimination on the basis of disability under the Americans with Disabilities Act (ADA); (4) discrimination on the basis of age under the Age Discrimination in Employment Act (ADEA); (5) conspiracy; (6) aiding and abetting; (7) intentional and willful interference; (8) retaliation; and (9) hostile work environment. Plaintiff attached a copy of the charge of discrimination he filed with the Illinois Department of Human Rights (IDHR) on December 15, 2014, which was cross-filed with the Equal Employment Opportunity Commission (EEOC). In addition, Plaintiff attached a copy of the Notice of Right to Sue issued by the EEOC on January 4, 2016. Plaintiff also filed a Petition to Proceed in forma pauperis (#2).

On April 6, 2016, Magistrate Judge Eric I. Long entered an Order (#3) and ordered Plaintiff to submit completed summons and USM-285 Forms within 21 days. Plaintiff was instructed that he needed to fill out a summons and USM-285 form for each Defendant being sued. Judge Long also stated that failure to complete and return

---

Long stated that a litigant, like Mr. Doss, who knowingly allows a non-lawyer to represent him is subject to sanctions and other penalties for this behavior. This court has the same concerns in this case. This court notes that Plaintiff's *pro se* Complaint (#1) at one point referred to "DOSS's civil rights," referred to Plaintiff as "her" and as a "Caucasian female." It appears fairly obvious that Plaintiff's Complaint was a cut and paste job done by the plaintiff in one of the other cases against Mars and Kenco.

the forms within the time allowed would "result in summary dismissal of the complaint, without prejudice." On May 4, 2016, Judge Long entered an Order (#4) and denied Plaintiff's Petition to Proceed in forma pauperis (#2) because Plaintiff failed to comply with his order to submit completed summons and USM-285 forms by the deadline of April 26, 2016.  On May 19, 2016, this court entered a text order stating that Plaintiff had 14 days to pay the filing fee. This court stated that, if the filing fee was not paid within the time allowed, the case would be dismissed. On June 3, 2016, this court dismissed the case for failure to pay the filing fee.

On June 8, 2016, Plaintiff paid the $400 filing fee. Plaintiff also filed a Motion for Reconsideration of Order Dismissing Case (#6). This court entered a text order the same day and granted Plaintiff's Motion. This court directed the clerk to reopen Plaintiff's case. This court also referred the case to Judge Long for further proceedings.

On June 29, 2016, Judge Long entered a text order. He stated that, upon notice of Plaintiff paying the filing fee, the clerk was directed to complete the summonses and issue them to Plaintiff for service on Defendants. Judge Long stated that "Plaintiff should consult Federal Rule of Civil Procedure 4 for guidance on serving defendants."

On October 5, 2016, Plaintiff filed an Affidavit of Service for Summons (#9). This document was actually four separate affidavits which stated that, on September 21, 2016, Rosa Ringo served Defendant Mars, Inc., Defendant David Jabaley, Defendant Mario Lopez, and Defendant Kenco Logistics Services, with summons and complaint by means of certified mail. On October 24, 2016, Mars' attorneys entered their appearances

(#10, #11). On October 25, 2016, Judge Long entered a text order and granted Mars' request for an extension of time. Mars was allowed until November 26, 2016, to file its Answer or otherwise plead.

On October 26, 2016, Defendants' attorneys entered their appearances (#13, #14). On October 28, 2016, Judge Long granted their request for an extension of time. Defendants were allowed until November 23, 2016, to file their Answer or otherwise plead.

## PENDING MOTIONS

On November 22, 2016, Mars filed its Answer and Affirmative Defenses (#16) and also filed a Motion to Dismiss (#17) and Memorandum in Support (#18). On November 22, the clerk sent a Notice (#19) to Plaintiff advising him that he had 14 days to respond to the Motion to Dismiss.

Also on November 22, 2016, Defendants filed their Motion to Dismiss Due to Insufficient Service of Process (#20) and Memorandum in Support (#21). On November 23, 2016, the clerk sent a Notice (#22) to Plaintiff advising him that he had 14 days to respond to the Motion to Dismiss.

Plaintiff's responses to the Motions to Dismiss were due by December 9, 2016. On December 8, 2016, Plaintiff filed a *pro se* Motion for Extension of Time to File Response (#24). Plaintiff asked for an additional 14 days to file his response. On December 9, 2016, this court entered a text order granting Plaintiff's Motion. This court allowed Plaintiff until December 27, 2016, to respond to the Motions to Dismiss (#17,

#20). On January 6, 2017, Plaintiff filed his *pro se* Response (#26) to the Motions to Dismiss. Although Plaintiff's Response was obviously filed after the deadline set by this court, the court will consider Plaintiff's Response in ruling on the Motions to Dismiss.

## MARS' MOTION TO DISMISS

In its Motion to Dismiss (#17) and Memorandum in Support (#18), Mars argued that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's claims against it should be dismissed with prejudice. Mars first argued that Plaintiff's Title VII, ADA and ADEA claims against it must be dismissed because Plaintiff failed to file a charge of discrimination alleging discrimination or retaliation against Mars. Mars pointed out that it was not even mentioned in the charge of discrimination filed by Plaintiff. Plaintiff's charge named only Kenco Logistic Services as a Respondent. Mars also argued that Plaintiff failed to state a claim for race discrimination under § 1981 against it. Mars argued that, while Plaintiff's Complaint includes some passing references to Mars, Plaintiff did not specifically tie any of the actions he complained about to Mars. Mars argued that Plaintiff's "Factual Allegations" continually referred to actions by Kenco and its employees. Mars argued that Plaintiff failed to plead any of the required elements for a cause of action against Mars under § 1981. Mars argued that Plaintiff failed to establish the existence of an agency relationship between Mars and Kenco which could result in liability on the part of Mars for the actions of Kenco and its employees. Mars also argued that Plaintiff failed to properly plead conspiracy and, even if properly pled, such claims are barred by the Illinois Department of Human Rights

Act. In addition, Mars argued that Plaintiff failed to state a claim for aiding and abetting or for intentional and willful interference.

In his Response (#26), Plaintiff stated that he "believes all DEFENDANTS are liable." He stated that Mars hired Kenco Logistic Services to manage its Mars-Manteno facility and its employees in 2013. These statements were Plaintiff's only response to the Motion to Dismiss filed by Mars.

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case. *Garcia v. M.T. Food Serv., Inc.*, 2014 WL 6461937, at *1 (N.D. Ill. 2014); *see also AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2005), *quoting* Fed. R. Civ. P. 8(a)(2). This requirement is meant to give the defendant fair notice of what the claim is and the ground upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, this court must view the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank*, 649 F.3d at 614. To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 570. However, "[n]either conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice

that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion." *Huri*, 804 F.3d at 832, *citing Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). A plaintiff must provide factual allegations that raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

This court first agrees that Plaintiff's discrimination (including hostile work environment) and retaliation claims brought under Title VII, the ADA and the ADEA must be dismissed as to Defendant Mars. Mars was not mentioned anywhere in Plaintiff's charge of discrimination filed with the IDHR and the EEOC. Title VII, the ADA and the ADEA require the plaintiff to exhaust administrative remedies by filing a timely charge of discrimination prior to filing suit. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating § 2000e-5(e)(1)); 29 U.S.C. § 633a(b)(3); *see also Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (Title VII); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) (ADA); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1101-02 (7th Cir. 2013) (ADEA). Therefore, an aggrieved employee like Plaintiff generally cannot bring claims in federal court that were not included in an EEOC charge. *See Flores v. Bd. of Trs. of Cmty. Coll. Dist. No. 508,* 103 F. Supp. 3d 943, 949-50 (N.D. Ill. 2015), *citing Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "The exhaustion rule 'serves two purposes: affording the [administrative agency] the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it.'" *Flores*, 103 F. Supp. 3d at 950, *quoting Sitar*, 344 F.3d at 726.

In this case, Plaintiff did not file a charge of discrimination which named Mars as a respondent and Mars clearly did not have notice of any charges against it. Moreover, the time to do so has passed because, in Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and the failure to do so renders the charge untimely. *See Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). Accordingly, Plaintiff's Title VII, ADA, and ADEA claims against Mars must be dismissed for failure to exhaust his administrative remedies.

This court next agrees that Plaintiff's § 1981 claim must be dismissed as to Defendant Mars. Plaintiffs pursuing a cause of action under § 1981 must allege that: (1) they are members of a racial minority; (2) the defendant intentionally discriminated against them on the basis of race; (3) the discrimination concerned one or more of the rights enumerated in the statute." *Payne v. Abbott Labs.*, 999 F. Supp. 1145, 1152 (N.D. Ill. 1998). In his Complaint, Plaintiff has included lengthy and detailed allegations regarding the actions of Kenco and its employees. Plaintiff specifically alleged that Kenco "directed and approved all operational activities, including but not limited to: hiring, pay, scheduling, performance management, workflow and the like." Plaintiff alleged, in conclusory terms, that Kenco and its employees, including Jabaley and Lopez, acted as agents for Mars. This court concludes that these allegations are not sufficient to state a plausible cause of action against Mars under § 1981. Plaintiff has not alleged any actions taken by Mars, let alone any actions that could be considered intentional discrimination. This court agrees with Mars that the allegations of Plaintiff's

Complaint are not adequate to raise a plausible inference that Mars purposefully discriminated against him because of race. *See Payne*, 999 F. Supp. at 1152. This court further agrees with Mars that Plaintiff's factual allegations are not sufficient to plausibly allege that Mars is liable under § 1981 because of an agency relationship. In fact, Plaintiff has alleged that Kenco, Jabaley, and Lopez were in charge of and had authority over employment decisions. Plaintiff's conclusory allegations that they were acting as agents for Mars are not sufficient to allow this claim to proceed against Mars.[2]

This court also agrees with Mars that Plaintiff's state law conspiracy claim must be dismissed as to Mars because Plaintiff's allegations against Mars fail to plead any of the required elements for a claim of conspiracy. "Illinois law defines civil conspiracy as 'a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means.'" *Wojcik v. InterArch, Inc.*, 2013 WL 5904996, at *11 (N.D. Ill. 2013), *quoting McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999). "To state a claim for civil conspiracy under Illinois law, a plaintiff must allege (1) an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means, (2) a tortious act committed in furtherance of that agreement, and (3) an injury." *Wojcik*, 2013 WL 5904996, at *11,

---

[2] This court recognizes that it reached a different conclusion in its Order (#44) entered in *Doss v. Kenco Logistic Services LLC, et al.*, Case No. 15-cv-2287, its Order (#37) entered in *Tyson v. Kenco Logistics Services LLC, et al.*, Case No. 15-cv-2288, and its Order (#31), entered in *Madison v. Kenco Logistic Services LLC, et al.*, Case No. 15-cv-2290. In this case, however, this court has concluded that Plaintiff's failure to allege any actions on the part of Mars warrants dismissal of the § 1981 claim against Mars.

*citing Reuter v. MasterCard Int'l, Inc.*, 921 N.E.2d 1205, 1216 (Ill. App. Ct. 2010). In this case, Plaintiff did not allege an agreement involving Mars or any actions at all on the part of Mars. In addition, this court agrees with Mars that, to the extent that Plaintiff is relying on his complaints about age, race, and disability discrimination and retaliation to support his claim for conspiracy, such claim is preempted by the Illinois Human Rights Act (IHRA). The IHRA preempts state law claims that are, in essence, claims that seek redress for civil rights violations within the meaning of the IHRA. *Naylor v. Streamwood Behavioral Health Sys.*, 2012 WL 5499441, at *3 (N.D. Ill 2012), *citing Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276-77 (Ill. 1994). Accordingly, a claim of conspiracy based on discrimination is preempted by the IHRA. *See Bannon v. Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007).

Further, this court agrees with Mars that Plaintiff's claim for aiding and abetting fails because there is no separate tort of aiding and abetting. *E. Trading Co. v. Refco, Inc.*, 229 F.3d 617, 623 (7th Cir. 2000); *see also Yates v. John Marshall Law Sch.*, 2009 WL 1309516, at *7 (N.D. Ill. 2009). And, finally, this court agrees that Plaintiff's allegations regarding Mars do not state a claim for intentional and willful interference.

For all of the reasons stated, Plaintiff's Complaint (#1) fails to state a claim upon which relief can be granted as to Mars. Accordingly, Mars' Motion to Dismiss (#17), brought pursuant to Rule 12(b)(6), must be GRANTED.

DEFENDANTS' MOTION TO DISMISS

In their Motion to Dismiss (#20) and Memorandum in Support (#21), Defendants

argued that, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Plaintiff's Complaint against them must be dismissed for insufficient service of process. Defendants attached Declarations in support of their Motion. In his Declaration, dated November 21, 2016, Defendant Lopez stated that he was a former employee of Kenco. He stated that he has not, at any time, been served with a summons or complaint for this litigation. Lopez stated that he was made aware that Plaintiff filed paperwork with the court stating that a copy of a summons was mailed to him on September 21, 2016 at 1110 Market Street, Chatanooga, TN 37402. Lopez stated that this address is the corporate office of his former employer, Propex. Lopez stated that his last day of employment with Propex was September 23, 2016. Lopez stated that he does not know whether Propex ever received the documents Plaintiff claims to have mailed. Lopez stated that, if Propex received them, they were never passed along to him.

    The Declaration of Jay Elliott, dated November 18, 2016, stated that he is the Vice President of Kenco. Elliott stated that, sometime between approximately September 28, 2016 and September 30, 2016, he received documents in the mail from Plaintiff. Elliott stated that he attached a copy of the documents he received. These documents were a summons issued to Kenco Logistics and a copy of a Motion for Reconsideration and Reinstatement. Elliott stated that at no time has Kenco been served with a copy of Plaintiff's Complaint. In his Declaration, dated November 18, 2016, Defendant Jabaley similarly stated that he received documents by mail from Plaintiff between September 28, 2016 and September 30, 2016. Jabaley stated that he attached a copy of the

documents he received, which was a summons and a copy of a Motion for Reconsideration and Reinstatement. Jabaley stated that at no time has he been served with a copy of Plaintiff's Complaint.

In his Response (#26), Plaintiff stated that he received information from the Clerk's Office regarding serving Defendants. He stated that he believed, according to this information, that it was proper to serve Defendants by certified mail. Plaintiff stated that he served each named Defendant by certified mail, return receipt requested. Plaintiff attached copies of his receipts showing that he sent documents by certified mail to Defendants Kenco, Mars, Jabaley and Lopez. He also attached a copy of a receipt signed by Mars acknowledging delivery. Plaintiff included copies of printouts of tracking information he received from the United States Post Office. In addition, Plaintiff attached copies of the Affidavit of Service for Summons (#9) he filed on October 5, 2016. Plaintiff stated that he did what he thought was required to perfect service. Plaintiff further stated that Defendants seemingly had knowledge of the Complaint as they asked the court for leave to answer or otherwise plead in late October 2016.

Rule 4 of the Federal Rules of Civil Procedure provides that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Rule 4 also provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this case, Plaintiff filed his Complaint (#1) on April 5, 2016. He did not even attempt service on Defendants until he mailed summons on September 21, 2016. This was well past the 90 days allowed for service under Rule 4. And, tellingly, Plaintiff's Response (#26) did not contest the Declarations of Elliott, on behalf of Kenco, and Jabaley that they did not receive a copy of the Complaint with the summons. Plaintiff's Response also did not contest Lopez' Declaration that he never received the summons Plaintiff sent.

"After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). A federal court may not exercise personal jurisdiction over a defendant absent service of process or waiver of service by the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A defendant may enforce the service of process requirements through a pretrial motion to dismiss. *Cardenas*, 646 F.3d at 1005, *citing* Fed R. Civ. P. 12(b)(5). The plaintiff then bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Id.*

This court concludes that Plaintiff has not shown that any of these Defendants was properly served. *See Chapman v. Yellow CAB Cooperative,* 2016 WL 756533, at *6 (E.D. Wis. 2016). Further, the 90 day time limit for service has long passed, even if this court

considers the deadline to be 90 days after June 8, 2016, when Plaintiff paid the filing fee and his case was reopened. *See Olson v. Edwards*, 2013 WL 252468, at *3-4 (S.D. Ill. 2013). And, even though Plaintiff is , his status does not excuse his failure to comply with the procedural requirements of service. *Id., citing McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). Plaintiff has not provided any basis for a finding that there was good cause for his failure to effect service which would warrant allowing additional time for service. *See Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 935 (7th Cir. 2002); *Landlock Natural Paving, Inc. v. Desin L.P.*, 2015 WL 753828, at *2-3 (N.D. Ill. 2015). In fact, Plaintiff has shown a lack of diligence from the beginning of this case.

"Where, as here, 'good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time.'" *Landlock Natural Paving,* 2015 WL 753828 at *2, *quoting Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Factors which a court may consider include "(1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served." *Cardenas*, 646 F.3d at 1006. Other factors include whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service and whether the plaintiff diligently pursued service during the allotted period. *Id.* at 1006-07.

14

In this case, there are some factors that weigh in favor of allowing Plaintiff an extension. Plaintiff will not be able to refile his Title VII, ADA, and ADEA claims because the 90 day period following his receipt of the notice of right to sue from the EEOC passed long ago. *See Panaras*, 94 F.3d at 341. Also, Plaintiff is correct that Defendants had actual notice of the lawsuit, even though they were not served with a copy of the Complaint. However, the other factors weigh in favor of dismissal. Defendants did not evade service, and Defendants have persuasively argued that their ability to defend would be prejudiced by an extension. Defendants pointed out that all Kenco employees were terminated in February 2015 at the site where Plaintiff worked. Defendants argued that "the more time that passes, it becomes increasingly more difficult for Defendants to track down former employee witnesses" so that Plaintiff's decision to delay moving his case forward is prejudicial to them. In addition, Defendants have still not been properly served, Plaintiff has never requested an extension, and Plaintiff clearly did not pursue service at all during the 90 day period allotted.

Considering the relevant factors, this court concludes that no extension of time for service is warranted in this case. This court notes that the Seventh Circuit has held that a court may, in its discretion, still dismiss a case even where there are statute of limitations problems. *See Cardenas*, 646 F.3d at 1007-08; *Panaras*, 94 F.3d at 341; *see also Landlock Natural Paving*, 2015 WL 753828, at *3 (noting that the limitations problems were wholly of the plaintiff's making).

Accordingly, Defendants' Motion to Dismiss (#20) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant Mars' Motion to Dismiss (#17) is GRANTED. Plaintiff's Complaint (#1) is dismissed with prejudice as to Defendant Mars.

(2) The Motion to Dismiss for Insufficient Service of Process (#20) filed by Defendants Kenco Logistic Services, LLC, David Jabaley, and Mario Lopez is GRANTED. Plaintiff's Complaint (#1) is dismissed without prejudice as to these Defendants.

(3) This case is terminated.

ENTERED this 30th day of January, 2017.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE